February 5, 2015

82,741-01

ABEL ACOSTA - CLERK
COURT OF CRIMINAL APPEALS
P.O BOX 12308 - ROOM 106
CAPITOL STATION
AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 12 2015
Abel Acosta, Clerk

RE: Filing Objections to Trial Court's Findings of Fact, Conclusions
    of Law and Recommendation in Ex Parte Paul Umsted, Jr., in the
    335th Judicial District Court of Brown County, Texas, Cause No.CR20031-A.


Dear Mr. Acosta,

   Greetings. Enclosed you will find my objections to the trial court's
Findings of Fact and Conclusion of Law and recommendation in the above
numbered pro se writ of habeas corpus. Please file these and present them
to the Honorable Court of Criminal Appeals for their review. I am innocent
of the crime for which I was convicted and the trial court has issued
its Findings of Fact without even addressing my claims or examining the
evidence I submitted in support of my claims. My writ is clear and
concise and supported by evidence. Please file these objections with
the Court so they can see what is going on and consider them before
issuing a final ruling on my case.

   I am aware that hundreds if not thousands of inmates a year claim
they are innocent of the crimes they were convicted of. I presented
compelling evidence of innocence and of constitutional violations in
my writ application, my Memorandum of Law, and the Exhibits I presented
to the trial court for its review. I have no money for an attorney but
I believe I have proven my case and the trial court is trying to
dodge the issues because of my serious allegations and the fact that
the video recording I submitted shows the District Attorney (Michael
Murray) tampering with a witness and with evidence. All I ask is for
a proper review and the Court of Criminal Appeals is my only hope that
of this occuring. Thank you for your time.

                                        Respectfully,

                                        X _____
                                        PAUL UMSTED, JR. #1765781
                                        LYNAUGH UNIT
                                        1098 S.HWY 2037
                                        FT. STOCKTON, TEXAS 79735

EX PARTE                                    (   IN THE DISTRICT COURT

                                            (   OF BROWN COUNTY, TEXAS

PAUL UMSTED, JR.                            (   35TH JUDICIAL DISTRICT


OBJECTIONS TO TRIAL COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW AND RECOMMENDATION


The applicant files these objections because the trial court has issued its Findings of Fact Conclusions of Law and Recommendation without specifically addressing all the issues applicant raised; without summarizing the reasons why Kirk Fulk was found to be credible and applicant not credible; and without analyzing the evidence applicant submitted in support of his claims. In other words, the trial court's findings and its recommendation constitute a summary disposition of the issues raised by applicant and the "law possesses great antipathy for such, as Justice Howell has observed: All summary procedures are constitutionally suspect, they do not meet Due Process requirements and minimums unless there is a clear and specific need to act summarily and then, only if an after the fact hearing is provided with all due haste." Fuentes v. Shevin, 407 U.S. 67, 82(1972).

As for the reliability and credibility of witnesses, in Ex Parte Byars, 176 S.W.3d 841(Tex.Crim.App. 2005), presiding judge Keller noted that "the most effective way of determining the reliability of witness testimony is through the crucible of cross-examination." Id. at 842. The trial court's findings of fact cannot even be called "findings of fact" in this case. Applicant has supported all his allegations with evidence, with video recordings, with affidavits, with documentation, with copies of the trial transcripts, etc., and

1

and the trial court mentions none of these in its findings. APPLICANT IS INNOCENT OF THIS CRIME!! APPLICANT IS INNOCENT OF THIS CRIME!!! The evidence supports his claims and it would be a travesty and an injustice to allow this conviction to stand, to adopt the trial court's recommendation, without proper review of his grounds. The Court of Criminal Appeals cannot allow this county and its elected officials to sweep these violations under the rug by dodging the issues, serious issues raised, and proven in applicant's writ of habeas corpus.

Below are the following ways in which applicant objects to the trial court's Findings of Fact and its Recommendation:

1. First and foremost, applicant never received a copy of the state's response dated December 23, 2014.

2. Applicant never received a copy of Kirk Fulk's affidavit concerning applicant's ineffective assistance of counsel claims which was dated January 28, 2015.

3. The trial court did not address any of applicant's due process violations. The applicant alleged due process violations because: (1) the state tampered with a witness and tampered with physical evidence during the interrogation of Tiger Walker on May 14, 2010; (2) the state offered an immunity agrrement to a witness whom they knew had committed perjury in order to receive that agrrement; (3) the state failed to disclose the actual written statement by Tiger Walkerr which the state had tampered with and edited. The state also failed to disclose the content of the conversation that Sgt. Carroll and Tiger had prior to Tiger's videotaped interrogation; and (4) the state failed to disclose that the immunity agreement with Tiger Walker

2

also included an agreement that the pending charges Tiger had would be run concurrently with the 25 year sentence Tiger was already serving. (See Writ Memo, at 4-11).

Applicant submitted a CD video recording of the actual interrogation of Tiger Walker to support his due process claims and show the trial court that there was in fact witness and evidence tampering and suppression of evidence that could have helped applicant in his case. (See EXHIBIT 4 - CD of Tiger Walker's Interrogation). He also submitted a Memo from attorney John Blagg, applicant's first attorney, to support his Due Process allegations. (See EXHIBIT 5 - Notes of Attorney John Blagg, Dated 9/12/11). The trial court offers no analysis of the evidence or no explanation as to why the due process violations are meritless or not worth mentioning. As a matter of fact, the trial court ignored these issues altogether and did not discuss the video at all.

4. Applicant raised seven grounds of ineffective assistance of counsel against Kirk Fulk. (Writ Memo, p. 11-19). He submitted various exhibits to support all of his claims. In total, applicant submitted 10 exhibits in support of his claims and allegations. The trial court found Kirk Fulk to be credible and applicant not to be credible. HOW? WHY?? The court offers no analysis of the evidence applicant presented or an explanation as to why it reached this credibility opinion. Applicant supported every allegation with documentary and video proof. Why is he not credible? Is Kirk Fulk, a fellow judge, credible just because he is a colleague of judge Stephen Ellis? The trial court's findings are not specific and very suspect because the evidence presented and shown does not support them or the recommendation it

3

has made in this case. The Due Process clause demands and deserves more respect than this. A proper review of applicant's allegations and the evidence in support of those allegations will prove that his conviction is unconstitutional, illegal, that he is innocent of the crime for which he was convicted, and that the trial officials are trying to avoid the issues he has raised because they know it will show the extent of corruption in Brown County, Texas.

5. The final objection applicant has is that the trial court also ignored the two grounds of Actual Innocence he raised in his writ. (See Writ Memo, p. 19-21). Applicant submitted an affidavit in support of his innocence. (See EXHIBIT 8 - Affidavit of Jim Allison). This affidavit proves that it was Tim Allison and Tiger Walker who assaulted the victim, James Clark, in this case. Applicant has claimed his innocence from day one and has told everyone within earshot that it was Tim Allison who assisted Tiger in the assault and then "framed" applicant by lying to the police and saying applicant was responsible. Tim Allison admitted through an affidavit, an affidavit applicant has presented to the trial court in support of writ relief, that he lied to the police from the very beginning. (See EXHIBIT 7 - Tim Allison's Recanting Affidavit). Both of these exhibits were ignored and the trial court did not offer an explanation or an analysis as to why these grounds of innocence were not worth addressing.

## PRAYER

Applicant prays that the Honorable Court of Criminal Appeals orders the trial court to conduct an evidentiary hearing on his grounds or, at the very least, to order the trial court to be more

4

specific in its findings of fact and recommendation by addressing all the issues raised and examining and offering an analysis of the evidence - an analysis and review that complies with the Due Process clause, a meaningful, not cursory, review. Trial courts cannot be allowed to sweep violations under the rug by ignoring them and dodging them, by writing "Findings of Fact Conclusions of Law" on a piece of paper to make it look good, to make it seem as if the case was reviewed when it wasn't reviewed at all. Applicant is innocent of the crime he was convicted of and it is infuriating to see officials from Brown County covering up this case with impunity. These officials are making a mockery of justice and of the Constituion (state and Federal) and applicant pleads to the Court of Criminal Appeals to give him a proper review.

Applicant apologizes if he comes across as confrontational and rude in this motion of objections. Those are not his intentions. When you find yourself in prison for a crime you did not commit, it is difficult to keep one's composure when trial officials kick your grounds in the trash bin without even giving them a proper and fair review. Applicant is 56 years old and the years of his life which he has already lost due to this illegal conviction will never be returned to him. He does not have money for an attorney to represent him and this pro se writ of habeas corpus is the only legit chance he will have to prove his innocence and that this conviction was obtained illegally. He asks this Court to review the evidence for itself and it will see that something sinister is happening in Brown County. The evidence will prove his claims.

5

Respectfully Submitted,

X _____

PAUL UMSTED, JR. #1765781

LYNAUGH UNIT - 1098 S.HWY 2037

FT. STOCKTON, TEXAS 79735


## VERIFICATION

I, Paul Umsted, Jr. #1765781, do verify under the penalty of perjury that the above statements are true and correct. Executed this 5th day of February 2015.

X _____

6